## No. 852

### McCAFFERTY v. CROWNOVER et.

Ohio Appeals, 4th Dist., Pickaway Co.

Decided Sept. 19, 1927.

**First Publication of this Opinion**

Allread, J., 2nd Dist.., sitting in place of Sayre, PJ.

Syllabus by Editorial Staff.

**1018. REMAINDER.—997. Real Estate.— Future contingent interest in real estate, in nature of contingent remainder or executory devise, may be transferred, by judicial decree, upon application and at request of owner.**

Appeal from Common Pleas.

Judgment modified.

Barton Walters, Circleville, for McCafferty.

### STATEMENT OF FACTS

This is an action to quiet title to certain real estate. The petition sets forth in full a copy of the last will and testament of one H. J. Crownover, deceased, who was the grandfather of the said plaintiff herein. The will gave to the said plaintiff a certain tract of land "Provided that if the said Arlin H. McCafferty should die leaving no children or issue lawfully begotten by him, surviving him, in that event the real estate so devised to him in this will, shall go to my said son Ansel H. Crownover and my two daughters Margaret Ida Busic and Fannie M. Crownover, to be divided equally between them share and share alike."

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

We are in accord with the finding of the lower court in respect to the provisions of this item, to the effect that the plaintiff took a fee simple estate in the lands described, defeasible, however, in the event he died "leaving no children or issue, lawfully begotten by him, surviving him." It is well established that, in a case of this kind, the first taker cannot defeat the legal consequences which will result if the contingency named should occur, and in the instant case McCafferty cannot, by this action, defeat the claims of the defendants named if he should die without children or lawful issue surviving him. O'Malley v. O'Malley, 20 Oh. Ap. 279.

It necessarily follows that if there was nothing in this action except the petition it would be the duty of the court to dismiss it at the costs of the plaintiffs. But one of the children named, Fannie M. Crownover, who by the terms of the item aforesaid would be entitled to one-third of the property in the event of the happening of the contingency named in said item, has filed herein a disclaimer.

It is held in the case of Thompson v. Hoop, 6 OS. 481:

"A future contingent interest in real estate, in the nature of a contingent remainder or executory devise, being an interest in the land, known to the law, is transmissible by devise or deed."

The doctrine of this case was re-affirmed in Thomas v. Trustees, 70 OS. 92.

It follows that if such future interest may be transferred by devise or deed it may be transferred by judicial decree, entered upon the application and at the request of the owner of said interest. When the owner of such interest, in an action of this kind, expressly renounces all right and title to the property in question, either contingent or otherwise, and asks the court to find and determine that plaintiff, in such action, is seized of the fee simple title to said property, we see no reason why the court should not grant the demand of such owner.

The fact that the remaining defendants are in default for answer cannot help the plaintiff, for reasons heretofore referred to.

A decree may be entered quieting title of the plaintiff to the undivided one-third of the property described in his petition and dismissing the action against all defendants except the said Fannie M. Crownover. The costs will be assessed against the plaintiff.

Decree accordingly.

(Allread and Mauck, JJ., concur.)